Helen H. Carlton v. Lillie P. Burleigh *et al.*

Descent and Distribution — *Children by Former Marriage.* B., deceased, in his lifetime was married three times. By his first wife he had one child. By his second wife he had one child. By his third wife, surviving him, he had five children, He died intestate in this state. At his death, one-half in value of his real estate, not necessary for the payment of his debts, descended in fee simple to his widow; the other half of his real estate descended to his seven children equally, being all of his children by his three wives. *Held, also,* That upon the death of his widow her estate descended to her own children.

*Error from Sedgwick District Court.*

Action for partition between *Helen H. Carlton, Lillie P. Burleigh,* and others. *Helen H. Carlton* complains of the judgment rendered at the May term, 1890, and comes to this court.

*J. D. Houston,* and *W. H. Boone,* for plaintiff in error.

*Campbell & Dyer,* for defendants in error.

The opinion of the court was delivered by

Horton, C. J.: H. O. Burleigh, late of Sedgwick county, deceased, was married three times. By his first wife, he had one child, Minnie Cowley. By his second wife, he had one child, Helen H. Carlton. By his third wife, Mrs. Mollie L., he had five children. On the 31st day of December, 1887, three weeks prior to the death of his third wife, H. O. Burleigh died intestate, at his home in Wichita, in this state, leaving an estate. On the 21st day of January, 1888, three weeks after H. O. Burleigh's death, his widow, Mrs. Mollie L. Burleigh, died intestate. This was an action in the court below for partition, and the sole question is, whether the two children of H. O. Burleigh by his former wives inherited any part of the estate of Mrs. Mollie L. Burleigh, the widow. Under the rulings of the trial court, when the husband, H. O. Burleigh, died intestate, one-half of his estate, after paying

all his debts, descended to his widow, Mrs. Mollie L. Bur-
leigh, and the other half descended to his seven children
equally, being all of his children by his three wives.

Section 8 of the act concerning descents and distributions
provides:

"One-half in value of all the real estate in which the hus-
band, at any time during the marriage, had a legal or equi-
table interest, which has not been sold on execution or other
judicial sale, and not necessary for the payment of debts, and
of which the wife has made no conveyance, shall, under the
dirction of the probate court, be set apart by the executor as
her property, in fee simple, upon the death of the husband,
if she survives him: *Provided*, That the wife shall not be
entitled to any interest, under the provisions of this section,
in any land to which the husband has made a conveyance,
when the wife, at the time of the conveyance, is not or never
has been a resident of this state. Continuous cohabitation as
husband and wife is presumptive evidence of marriage, for
the purpose of giving the right aforesaid." (Gen. Stat. of
1889, ¶ 2599.)

It is clear, therefore, that at H. O. Burleigh's death, his
wife, Mrs. Mollie L. Burleigh, inherited, in fee simple, one-
half in value of all the real estate in which her husband died
seized, not necessary for the payment of his debts. The re-
maining half of the estate of which Burleigh died seized de-
scended in equal shares to his children — to all of his seven
children. By § 18 of the act of concerning descents and dis-
tributions, Mrs. Burleigh's children, being her own heirs,
would inherit her property at her death; but it is claimed
that, under § 29 of the same act, the two children of H. O.
Burleigh by his former wives also inherited a part of Mrs.
Burleigh's estate at her death. That section reads:

"Children of the half blood shall inherit equally with chil-
dren of the whole blood. Children of a deceased parent in-
herit in equal proportions the portion their father or mother
would have inherited if living."

We do not think these provisions change the rule of descent
as declared by the trial court in this case. This section does
not make the children of the former wives the heirs of Mrs.

Burleigh, if the other provisions of the statute are to be given operation. Mrs. Burleigh was not related by blood to the children excluded from inheriting from her by the trial court. When a parent dies, the parent's children of the half blood inherit the parent's estate equally with the parent's children of the whole blood. Probably children of the half blood, when the parents are dead, may inherit from children of the whole blood, equally with children of the whole blood. This would give the first clause of § 29 some operation. If, however, we adopt the rule that the property should descend so that H. O. Burleigh, if living, would inherit it, then his first wife, who died years ago, would inherit one-half of the estate, and her child would inherit that, and so with the second wife, and so with the third wife. This would be contrary to the provisions of said §§ 8 and 18 above referred to.

All of the provisions of the Illinois statute concerning descent do not conform fully to our own, although the statute relating to half bloods is somewhat similar, using the word "kindred," however, in the place of "children." For these and other reasons, we do not follow the case of *Coal Co. v. Pasco*, 79 Ill. 164.

The judgment will be affirmed.

All the Justices concurring.